FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 04, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARTHA GUERRERO,<br><br>        Plaintiff,<br><br>v.<br><br>LAMB WESTON, INC.,<br><br>        Defendant. | NO. 2:24-CV-0163-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant's Motion for Summary Judgment (ECF No. 26). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

This case concerns claims arising under the Washington Law Against Discrimination ("WLAD"). ECF No. 1. Defendant moves for summary judgment on Plaintiff's claims. Plaintiff, now proceeding pro se, failed to respond.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

1    The undisputed facts as Defendant presents them are as follows. Plaintiff
2 Martha Guerrero began working at Lamb Weston, Inc. ("Defendant") in 2011 at a
3 processing facility located in Quincy, Washington. ECF No. 27 at ¶ 2. During the
4 relevant time period in 2021, Plaintiff worked as a Trimmer in the Production
5 Department and was training to be a Stockroom Attendant in the Maintenance
6 Department. *Id.*

7    Defendant maintains an employee handbook and Code of Conduct laying
8 out reporting procedures for instances of harassment and other grievances, as well
9 as the company's disciplinary and attendance policy. *Id.* at ¶¶ 5,6,23. Employees
10 that violate work rules are subject to a progressive disciplinary policy. ECF No. 27
11 at ¶¶ 23-27. The first violation results in corrective instruction, the second with
12 reprimand, the third with suspension, and a fourth may result in termination. *Id.*
13 Plaintiff was aware of Defendant's reporting procedure, anti-harassment policies,
14 and disciplinary policy. *Id.* at ¶¶ 10,11; ECF No. 27-1 at 16-17. An employee
15 being absent from a workstation or taking a break beyond an allotted time are such
16 examples of infractions subject to disciplinary action per Defendant's progressive
17 disciplinary policy. ECF No. 27 at ¶¶ 39, 44.

18    **A. Plaintiff's Interactions with Jason Guzman**

19    Jason Guzman ("Mr. Guzman") is a former employee that worked for
20 Defendant during the time period at issue in this action. ECF No. 27 at ¶ 4. Mr.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 2

Guzman worked as a supervisor but did not have the authority to hire or fire employees. *Id.* Roughly a year prior to August 9, 2021, while Plaintiff was climbing the stairs into a palletizer at work, Mr. Guzman was climbing behind her and touched the back of her thigh. ECF No. 27 at ¶ 30. Plaintiff turned and told him stop and Mr. Guzman removed his hand. *Id.* at ¶ 31.

On another occasion around that time, Mr. Guzman messaged Plaintiff on Facebook to come to his office. While there, Mr. Guzman closed the door and tried to grab Plaintiff and kiss her, but Plaintiff rejected his advances and left. ECF Nos. 27 at ¶¶ 32,33. After this interaction, Mr. Guzman occasionally sent Facebook messages to Plaintiff asking her to come to his office or sent her a "wave" to get her attention, all of which Plaintiff ignored. *Id.* at ¶ 34. Plaintiff never reported any of Mr. Guzman's behavior prior to August 9, 2021.

**B. Plaintiff's Termination**

On July 25, 2021, Plaintiff was given a two-day suspension for failing to report to her designated work area after already having received prior written warnings in accordance with Defendant's attendance policy. ECF Nos. 27-34, 27-1 at 21-22. Plaintiff's reasoning for failing to report to her work area was that she did not like the trainer that was scheduled to train her that day. ECF No. 27-1 at 20.

On August 3, 2021, the Human Resources Manager for Defendant's Quincy facility, Ashley Stucky ("Ms. Stucky"), was notified by a supervisor, Chinaka Springer ("Ms. Springer"), that on August 1, 2021, Plaintiff had reportedly taken an extended break in violation of the company's break policy. ECF No. 27-1 at 27-28. Ms. Stucky called Plaintiff on August 4, 2021 regarding the report and told Plaintiff she was suspended pending an investigation. ECF No. 27 at ¶ 45. During this call, Plaintiff denied the allegation and provided names of witnesses that could corroborate her claim that she did not take an excessive break on August 1. *Id.* at ¶ 46. After the phone call, Plaintiff filed a grievance for harassment alleging that Mr. Guzman falsely reported she took an excessive break on August 1. Plaintiff did not report any sexual harassment or discrimination by Mr. Guzman against Plaintiff in this grievance. *Id.* at ¶¶ 48,49.

During Ms. Stucky's investigation, she learned that the reported excessive break occurred on July 31, 2021 rather than August 1 and found additional evidence corroborating this. *Id.* at ¶ 50. Ms. Stucky also looked into the information provided by Plaintiff but for her whereabouts on July 31 rather than August 1, 2021, and concluded it did not rebut Ms. Springer's report. *Id.* at ¶ 51. On August 6, 2021, Ms. Stucky called Plaintiff to clarify the correct date at issue and asked for any additional information that might rebut the allegation of the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

excessive break. *Id.* at ¶ 52. Ms. Stucky informed Plaintiff she remained suspended pending the final results of the investigation. *Id.*

On August 9, 2021, Ms. Stucky and Plaintiff had another phone call where Plaintiff alleged that Mr. Guzman was trying to get her fired in retaliation for Plaintiff rejecting his advances roughly a year prior. *Id.* at ¶ 53. This was the first time Plaintiff had reported Mr. Guzman's sexual harassment. Plaintiff also provided the names of three other female employees she claimed had also been subject to sexual harassment by Mr. Guzman. *Id.* at ¶ 54. Ms. Stucky told Plaintiff she would look into it but noted that such investigation was separate and unrelated to Plaintiff's suspension and any discipline related to her July 31, 2021 write-up. *Id.* at ¶ 57.

After this phone call, Ms. Stucky completed her investigation into the report of Plaintiff's excessive break and concluded it was substantiated. On August 10, 2021, Defendant's Director of Manufacturing made the decision to terminate Plaintiff in accordance with Defendant's disciplinary policy. *Id.* at ¶¶ 58,59. Plaintiff received a phone call the same day from Ms. Stucky informing her of her termination for violating company policy. *Id.* at ¶ 60.

On August 10, 2021, Ms. Stucky began investigating Plaintiff's allegations against Mr. Guzman and interviewed the three women identified by Plaintiff. ECF No. 27 at ¶ 61. Two reported no concerns but the third, Destiny Matthynssens,

stated that about a year prior, Mr. Guzman had threatened to treat her differently after she refused to get into his car upon his request, however she never reported the incident. *Id.* at ¶ 61.

On August 11, 2021, Ms. Stucky emailed Plaintiff a response to her grievance and confirmed that Mr. Guzman was not involved in Plaintiff's recent discipline. *Id.* at ¶ 62.

**C. Events After Plaintiff's Termination**

On August 12, 2021, Plaintiff filed a union grievance appealing her termination but did not make any allegation the termination had been in retaliation for reporting Mr. Guzman's sexual harassment. ECF No. 27 at ¶ 63.

After Ms. Stucky informed Plaintiff Defendant would stand by its decision on her termination, Ms. Stucky interviewed Mr. Guzman regarding the allegations of sexual harassment. *Id.* at ¶¶ 64,65. Mr. Guzman denied the allegations and told Ms. Stucky that one of the female witnesses identified by Plaintiff, Zaidy Monroy ("Ms. Monroy), had told him that Plaintiff had asked her to make up allegations against Mr. Guzman so they could get money in a lawsuit. *Id.* at ¶ 65. Ms. Monroy later confirmed this in a second interview with Ms. Stucky and said that both Plaintiff and Ms. Matthynssens asked Ms. Monroy to make false accusations against Mr. Guzman so they could get a payout in a lawsuit. *Id.* at ¶ 66. Ms.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

1  Stucky thereafter closed the investigation into Mr. Guzman after concluding the

2  allegations were unsubstantiated. *Id.* at ¶ 67.

3      Plaintiff did later produce screen shots of messages she collected between

4  Mr. Guzman and herself or other employees, but not until after discovery in this

5  action began and it appears only to her attorney. *Id.* at ¶ 68; ECF No. 27-192-93.

6  These screenshots were not submitted to the Court.

7      On September 14, 2021, Plaintiff was reinstated in her position with

8  Defendant under a last-chance agreement negotiated between Defendant and

9  Plaintiff's union. *Id.* at ¶ 69. Soon after, Mr. Guzman was terminated from his

10  position with Defendant for attempting to change another employee's timesheet

11  while offsite. *Id.* at ¶ 37.

12      On March 21, 2024, Plaintiff filed a complaint in Grant County Superior

13  Court against Defendant alleging claims of sexual harassment and retaliation in

14  violation of the Washington Law Against Discrimination ("WLAD"), RCW

15  §49.60. ECF No. 1-1. Defendant removed the action to this Court on May 15,

16  2024. ECF No. 1.

17                                 **DISCUSSION**

18      Defendant moves for summary judgment on all claims. ECF No. 26.

19  Plaintiff is proceeding pro se as Plaintiff's counsel withdrew as her attorney on

20  April 3, 2025. ECF No. 23. A litigant proceeding pro se is still bound by the rules

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 7

of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Per Local Rule 7(c)(2)(A)(ii), a pro se litigant has 30 days after the mailing of a dispositive motion to file a response. That deadline has come and gone with no response from Plaintiff.

A district court has discretion to determine whether a party's failure to respond to an opposing party's argument should be deemed consent to the entry of an adverse order. LCivR 7(e); *Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994) (per curiam); *see also Atain Specialty Ins. Co. v. Todd*, No. 4:18-CV-5022-RMP, 2019 WL 2030329, at *5 (E.D. Wash. Jan. 24, 2019) ("A failure to respond to an opposing party's argument is deemed consent to the entry of an adverse order."); *Wilcox v. Batiste*, 360 F. Supp. 3d 1112, 1125 (E.D. Wash. 2018) (granting summary judgment on two claims pursuant to LCivR 7(e) due to party's failure to respond). However, this discretion "is necessarily abused when exercised to grant a motion for summary judgment where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact." *Henry v. Gill Indus.*, 983 F.2d 943, 950 (9th Cir. 1993); *see also Brydges,* 18 F.3d at 652.

After reviewing Defendant's briefing and provided evidence, the Court concludes granting summary judgment is warranted in this case.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

### A. Claim One: Sexual Harassment

Plaintiff first alleges discrimination based on the hostile work environment created due to Mr. Guzman's sexual harassment. Sex discrimination is prohibited under the WLAD, RCW § 49.60, which includes sexual harassment in employment. "To establish a hostile work environment case, the employee must prove (1) the harassment was unwelcome; (2) the harassment was because of sex; (3) the harassment affected the terms or conditions of employment; and (4) the harassment is imputed to the employer." *Haubry v. Snow*, 106 Wash. App. 666, 675 (2001).

Defendant argues Plaintiff cannot meet the third element—the harassment was so severe or pervasive that it affected the condition or terms of Plaintiff's employment. ECF No. 26 at 11. In assessing the third element, the Court must examine the totality of the circumstances by considering the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Sangster v. Albertson's, Inc.*, 99 Wash. App. 156, 163 (2000) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). "Casual, isolated or trivial manifestations of a discriminatory environment do not affect the terms or conditions of employment to a sufficiently

significant degree to violate the law." *Glasgow v. Georgia-Pacific Corp.*, 103 Wash. 2d 401, 406 (1985).

The conduct complained of, primarily Mr. Guzman touching the back of Plaintiff's thigh and later attempting to kiss Plaintiff in his office a year prior to Plaintiff's termination, appear to have been isolated incidents. After the latter interaction, Mr. Guzman occasionally sent Facebook messages to Plaintiff asking her to come to his office or sent her a "wave" to get her attention, all of which Plaintiff ignored. ECF No. 27-1 at 84-85. However, during Plaintiff's deposition, she could not recall how many messages were sent, what the messages explicitly said, or provide copies of them due to deleting them in fear her boyfriend would see them and get involved. *Id.* at 81. The only interaction through Facebook not deleted was one of the "waves" sent by Mr. Guzman. *Id.* Plaintiff also never testified in the portion of her deposition provided to the Court that Mr. Guzman's actions were physically threatening or humiliating or that they unreasonably interfered with her work performance. As Plaintiff has not responded to Defendant's summary judgment motion with evidence or argument to the contrary, the Court cannot conclude there is a genuine issue of fact on the face of the materials Defendant provided.

Furthermore, even if Mr. Guzman's conduct did create a discriminatory work environment, the undisputed facts do not demonstrate the conduct could be

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

imputed to Defendant. ECF No. 26 at 13-14. "To hold an employer responsible for the discriminatory work environment created by a plaintiff's supervisor(s) or co-worker(s), the employee must show that the employer (a) authorized, knew, or should have known of the harassment and (b) failed to take reasonably prompt and adequate corrective action." *Glasgow*, 103 Wash. 2d at 407. Plaintiff admitted to never having reported Mr. Guzman's sexual harassment prior to the August 9, 2021 phone call and does not present any evidence showing Defendant should have known of the harassment and failed to take corrective action. Once Ms. Stucky did learn of it, she promptly investigated Plaintiff's claims and concluded they were unsubstantiated. The undisputed record does not indicate that based on the information known to Ms. Stucky at the time, she acted unreasonably in her investigation and conclusion that Plaintiff's claims against Mr. Guzman had no merit. Therefore, Plaintiff lacks a factual basis to bring a hostile work environment claim against Defendant.

**B. Claim Two: Retaliation**

Plaintiff also brings a retaliation claim under the WLAD. A WLAD retaliation claim has three elements: "(1) the employee took a statutorily protected action, (2) the employee suffered an adverse employment action, and (3) a causal link between the employee's protected activity and the adverse employment action." *Cornwell v. Microsoft Corp.*, 192 Wash. 2d 403, 411 (2018). Plaintiff

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

alleges in her complaint that she was terminated from her position in response to complaining about Mr. Guzman's sexual harassment and a hostile work environment. ECF No. 1 at ¶¶ 4.9, 4.10. Defendant argues Plaintiff has presented no evidence of a causal link between Plaintiff's complaint of sexual harassment and her termination as required for a retaliation claim. ECF No. 26 at 16-18. An employee proves causation "by showing that retaliation was a substantial factor motivating the adverse employment decision." *Allison v. Hous. Auth.*, 118 Wash. 2d 79, 96 (1991). "'The proper inquiry is whether the . . . evidence suggests a *causal connection* between the protected activity and the subsequent adverse action sufficient to defeat summary judgment.'" *Cornwell*, 192 Wash. 2d at 415 (quoting *Reich v. Hoy Shoe Co.,* 32 F.3d 361, 367 (8th Cir. 1994) (emphasis in original).

Plaintiff has not provided any evidence to the Court suggesting a causal connection between her filing a complaint about Mr. Guzman's sexual harassment and being terminated by Defendant. To the contrary, Defendant's provided evidence supports its contention that Plaintiff's termination had been in accordance with Defendant's disciplinary policy which Plaintiff knew of, including that any additional written warning after suspension could result in termination. ECF No. 27-1 at 16-17. Plaintiff acknowledged that the 2-day suspension she received for the July 25, 2021 attendance violation was substantiated. ECF Nos. 27-34, 27-1 at

1  21-22.  Additionally, during Plaintiff's deposition she did not appear to dispute, or
2  provide any evidence disputing, that the reported excessive break she took several
3  days later on July 31, 2021 was also substantiated, violated Defendant's break
4  policy, and was the reported reason for her termination.  ECF No. 27-1 at 27-29.

Moreover, Plaintiff admitted she did not submit a complaint or ever report Mr. Guzman's sexual harassment to Stucky or any other manager until after she was told of the disciplinary issue related to her taking an excessive break.  ECF Nos. 27 at 14-15, 27-1 at 74-75.  The fact that she reported Mr. Guzman's sexual harassment, while on suspension pending an investigation of her reported excessive break, the day before she was officially terminated, does not alone suggest the complaint was a substantial factor for the termination in light of the evidence provided.  Therefore, as Plaintiff has not presented any evidence to establish a prima facie case of retaliation, this claim must also be dismissed.

//
//
//
//

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Summary Judgment (ECF No. 26) is **GRANTED**.

The District Court Executive is directed to enter this Order, enter judgment for Defendant, furnish copies to counsel and Plaintiff, and close the file. The deadlines, hearings and trial date are **VACATED.**

DATED August 4, 2025.

THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14